| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DAVID ALAN LOTT, §
§
    Petitioner, §
§
versus                                  §     CIVIL ACTION NO. 1:18-CV-165
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    David Alan Lott, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for sexual assault.

    The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

    The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

    Initially, petitioner asserts he is entitled to an evidentiary hearing. The decision to conduct an evidentiary hearing regarding a habeas petition is left to the "sound discretion of the district court." *Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000). "In determining whether to grant a hearing, the judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted." *Richards v. Quarterman*, 566 F.3d 553, 562-63 (5th Cir. 2009) (internal quotations omitted). In cases where the district court has before it sufficient facts to make an informed decision regarding the merits

of a claim, the court may properly deny the petitioner an evidentiary hearing. *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).

The court has reviewed the record in this matter. The habeas record before the state courts and now before this court is sufficient for the court to decide the issues raised by petitioner. As a result, the court is of the opinion an evidentiary hearing is not required.

Petitioner also objects that the Report and Recommendation does not contain a recommendation as to whether a certificate of appealability should be issued in this matter. Title 28 U.S.C. § 2253 provides that the final order in a habeas corpus proceeding may not be appealed unless a certificate of appealability is issued. The statute does not require that a Report and Recommendation of United States Magistrate Judge contain a recommendation regarding a certificate of appealability. The determination as to whether a certificate of appealability should be issued is set forth below.

Petitioner's remaining objections concern the conclusions reached by the magistrate judge regarding the merits of his grounds for review. After careful consideration, the court concludes these objections are without merit. Petitioner has failed to establish that the rejection by the state courts of his grounds for review was contrary to, or an unreasonable application of, clearly established federal law. Nor has he shown that the decisions of the state courts were based on an unreasonable determination of the facts in light of the evidence. As a result, petitioner is not entitled to federal habeas relief. *See* 28 U.S.C. § 2254(d).

## ORDER

Accordingly, the objections filed by petitioner (#68) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#68) is **ADOPTED**. A final judgment will be entered denying the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability

requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his grounds for review are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 21st day of March, 2025.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE